**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3488-15T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JUAN ROSARIO,

    Defendant-Appellant.

_____

        Submitted April 27, 2017 — Decided July 27, 2017

        Before Judges Hoffman and O'Connor.

        On appeal from Superior Court of New Jersey,
        Law Division, Bergen County, Indictment No.
        09-03-0548.

        Joseph E. Krakora, Public Defender, attorney
        for appellant (William Welaj, Designated
        Counsel, on the brief).

        Grubir S. Grewal, Bergen County Prosecutor,
        attorney for respondent (Catherine A.
        Foddai, Senior Assistant Prosecutor, of
        counsel and on the brief).

PER CURIAM

Defendant appeals from a November 30, 2015 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. For the reasons that follow, we affirm.

In 2008, a jury convicted defendant of reckless manslaughter, kidnapping, and other offenses. We refer to this matter as the "first trial." Assistant prosecutor Catherine Fantuzzi prosecuted defendant. During the trial, the State called Ernesto Vargas as a witness. While in court and on the record, defendant threatened to kill Fantuzzi, Vargas, and Vargas's mother and child. Vargas and Fantuzzi were present when defendant made his threats against each.

As a result of his threats, defendant was charged in the instant matter with various offenses. In 2012, a jury convicted him of third-degree terroristic threats against Fantuzzi, N.J.S.A. 2C:12-3(a); two counts of fourth-degree harassment of Fantuzzi, N.J.S.A. 2C:33-4; and fourth-degree harassment of Vargas, his mother and child, N.J.S.A. 2C:33-4. We refer to this trial as the "second trial." As a result of the convictions arising out of the second trial, defendant was sentenced in the aggregate to an extended ten-year term of imprisonment, with a five-year period of parole ineligibility.

Defendant appealed and we affirmed his convictions and sentence. See State v. Rosario, No. A-0487-12 (App. Div. July

22, 2014).  The Supreme Court denied his petition for certification.  State v. Rosario, 220 N.J. 208 (2015).

In his direct appeal of the convictions arising out of the second trial, among other things, defendant contended the assistant prosecutor made prejudicial comments during her summation that warranted reversal.  Specifically, in one portion of her summation, the assistant prosecutor addressed defendant's threats to kill, stating:

> The defendant made his purpose known loud and clear again and again and again because he made it known persistently that he was going to kill Assistant Prosecutor Catherine Fantuzzi, and yes, defendant or co-defendant Ernesto Vargas and even his mother and child.  He let it be known that he was willing to do anything, even stand up and shout out his evil intent in a court of law surrounded by uniformed officers.
>
> That brazen act, those brazen acts tell you how purposeful his conduct was.  Because of his position as a Latin King he was trying to extend the territorial boundaries of the Latin King Nation into this court of law, this court of law that is in the State of New Jersey, in the United States of America. This is not the Latin King Nation.[1]

---

[1]  It was not disputed defendant was a high-ranking member of the Latin Kings.  During the second trial, Fantuzzi testified that, in her experience prosecuting gangs and conferring with the State's expert on gangs, she has learned someone of defendant's rank in this organization is capable of ordering another member of the Latin Kings to hurt her even though defendant is in prison.  She believed the immediacy of defendant's threats because he could issue an order from prison

A-3488-15T2

Defendant argued these comments denied him a fair trial. We disagreed, determining the assistant prosecutor's comments were not only based upon the evidence, but also the evidence defendant made the subject threats was unrefuted. We concluded these comments neither prejudiced nor deprived defendant of a fair trial. See State v. Michaels, 264 N.J. Super. 579, 636 (1993), aff'd o.b., 136 N.J. 299 (1994) (citing Darden v. Wainwright, 477 U.S. 168, 181, 106 S. Ct. 2464, 2471, 91 L. Ed. 2d 144, 157 (1986)). In addition, we noted defendant did not object to these comments at the time of trial.

Defendant also claimed on direct appeal the following from the assistant prosecutor's summation wrongfully urged the jury to convict defendant out of a duty to society:

> [A]ll that is necessary for evil to triumph is for good people to do nothing. Catherine Fantuzzi is a good person and she refused to let evil triumph.
>
> . . . .
>
> And I know that the duty you have is a serious one and I would say we have proven our case. We have done our job and now I ask that you do yours and find this defendant guilty of each and every count in the indictment.

We disagreed with this contention, as well.

---

at any time and, thus, there was a likelihood the threats would be carried out.

The statements in the first paragraph were delivered at the outset of the summation. This paragraph refers to testimony Fantuzzi rendered about her unwillingness to turn the case over to another assistant prosecutor after defendant threatened to kill her, just before the first trial. Fantuzzi stated she did not want to transfer the file to another because she knew the file so thoroughly, and did not wish to expose another to defendant's threats.

The comments in the second paragraph did not follow and were unrelated to those given in the first. The contents of the second paragraph were delivered at the conclusion of the summation, and were not an admonishment the jury convict defendant as part of its societal duty. Finally, we noted defendant failed to object to the comments contained in either paragraph at the time of trial.

With respect to the evidence defendant threatened to kill Fantuzzi before the first trial, when considering the admissibility of this "other crime" evidence during the second trial, the court analyzed N.J.R.E. 404(b) and the four factors set forth in State v. Cofield, 127 N.J. 328, 338 (1992).[2] The

_____

[2]  These four factors are:

> 1. The evidence of the other crime must be admissible as relevant to a material issue;

trial court found the prior threats admissible, and provided a limiting instruction after the admission of such evidence.  Id. at 340-42.

On appeal, defendant contended the trial court erred by admitting the pretrial threats and claimed its limiting instruction was inadequate.  We rejected these arguments, finding the trial court did not abuse its discretion, see State v. Castagna, 400 N.J. Super. 164, 182-83 (App. Div. 2008), certif. denied, 217 N.J. 286 (2014), by admitting this evidence, and further determined the limiting instruction was adequate. We also noted the defense attorney had not objected to the limiting instruction during the trial.

In 2015, defendant filed a petition for post-conviction relief as a self-represented litigant; a brief and amended petition were subsequently submitted on his behalf by counsel. On November 30, 2015, the PCR court entered an order denying defendant's petition without an evidentiary hearing.

---

2. It must be similar in kind and reasonably close in time to the offense charged;

3. The evidence of the other crime must be clear and convincing; and

4. The probative value of the evidence must not be outweighed by its apparent prejudice.

Defendant presents the following arguments for our consideration in his appeal:

> POINT I — THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S PETITION FOR POST CONVICTION RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS CONTENTION THAT HE FAILED TO RECEIVE ADEQUATE LEGAL REPRESENTATION AT THE TRIAL LEVEL.
>
> > A. The Prevailing Legal Principles Regarding Claims Of Ineffective Assistance Of Counsel, Evidentiary Hearings And Petitions For Post Conviction Relief.
> >
> > B. The Defendant Did Not Receive Adequate Legal Representation From Trial Counsel As A Result Of Counsel's Failure To Object To Several Improper And Prejudicial Comments Made By The Prosecutor During Her Summation.
> >
> > C. The Defendant Did Not Receive Adequate Legal Representation From Trial Counsel As A Result Of Counsel's Failure To Object To The Trial Court's Limiting Instruction To The Jury Regarding The Testimony Deemed Admissible Pursuant To N.J.R.E. 404(b).

Defendant's principal contention is counsel was ineffective for failing to object to: (1) the subject comments made by the assistant prosecutor during her summation and (2) the limiting instruction. Defendant argues counsel's omissions were pivotal to our conclusion neither the comments nor the limiting instruction warranted reversal. We are not persuaded by these arguments and affirm.

7                                                    A-3488-15T2

The standard for determining whether counsel's performance was ineffective for purposes of the Sixth Amendment was formulated in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42 (1987). In order to prevail on a claim of ineffective assistance of counsel, defendant must meet the two-prong test of establishing both that: (l) counsel's performance was deficient and he or she made errors that were so egregious that counsel was not functioning effectively as guaranteed by the Sixth Amendment to the United States Constitution; and (2) the defect in performance prejudiced defendant's rights to a fair trial such that there exists a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, supra, 466 U.S. at 694, 104 S. Ct. at 2068, 80 L. Ed. 2d at 698.

Although there is no question trial counsel failed to object to the prosecutor's comments during summation and the subject limiting instruction, the outcome on appeal would have been the same even if counsel had done so. There were grounds to reject defendant's argument reversal was warranted that were unrelated to and independent of counsel's failure to object to the prosecutor's comments and the limiting instruction.

As we observed with respect to the statements addressing defendant's threats to kill, the comments were based upon the evidence and were not inappropriate. The other comments did not improperly suggest to the jury it had a duty to society to convict defendant. We examined the limiting instruction pertaining to the admission of the pretrial threat pursuant to N.J.R.E. 404(b) and found it adequate under the case law.

We have considered defendant's remaining arguments and conclude they either could have been raised on direct appeal, Rule 3:22-4(a), or were previously decided on direct appeal. See Rule 3:22-5. In the final analysis, defendant failed to make a prima facie showing of ineffectiveness of trial counsel within the Strickland-Fritz test. Accordingly, the PCR court correctly concluded that an evidentiary hearing was not warranted. See State v. Preciose, 129 N.J. 451, 462-63 (1992).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3488-15T2